UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

NANCY GEMBITSKY
   Plaintiff

v.

THOMAS F. DESTEPH;
THE DESTEPH AGENCY; and
TDA ADVANTAGE TRUST
   Defendants

PEOPLES UNITED BANK,
 d/b/a OCEAN BANK,
   Trustee Defendant

09-cv-140-JM

## PROPOSED ORDER

Plaintiff has moved for an *ex parte* temporary restraining order and other *ex parte* emergent relief to safeguard her ability to seek prejudgment attachments and trustee process.

Plaintiff has filed a Complaint alleging securities fraud, common law fraud, violation of the Connecticut Unfair Trade Practices Act and other causes of action. In her sworn and verified motion, plaintiff relates that defendant Thomas DeSteph, a self-described financial planner who did business under the name The DeSteph Agency befriended her in the fall of 2002. Plaintiff further relates that although they originally met for business purposes, DeSteph soon began inviting himself over to her home. Plaintiff visited DeSteph at his home and accompanied him and his children on a trip to Disney World in early 2004. Nonetheless, according plaintiff's sworn declaration, there was never a romantic or intimate relationship between the two.

Plaintiff relates that, in the fall of 2002, DeSteph and his agency helped her reinvest her 401(k) accounts into tax deferred annuities. These transactions occurred without incident. However, according to plaintiff, after DeSteph gained her trust he began asking her to invest $100,000 that she inherited from her mother into a "special" investment. DeSteph promised that

his "special investment" would earn more interest than a certificate of deposit and that plaintiff would be foolish not to invest. When plaintiff asked questions about the "special investment," DeSteph appeared insulted or offended. He said that the investment was only offered to "special people" and that participation in the investment was by invitation only.

According to plaintiff, DeSteph did not supply plaintiff with a prospectus but rather gave her a handwritten note on which he wrote the words "limited partnership." See, Complaint, Ex. A. He promised her a return of 6.15% on her $100,000, with monthly payments of $512.

On or about January 13, 2003, plaintiff DeSteph a check for $100,000 which DeSteph deposited into the "TDA Advantage Trust" account at Granite Bank in Keene, NH. See, Complaint, Ex. B. According to plaintiff, DeSteph said he would give her a five year "promissory note" in return. Plaintiff relates that several days later she asked for this documentation and, when she received nothing, she asked for her money back. According to plaintiff, DeSteph refused to return the funds claiming that she would have to wait five years for the return of her principal.

Plaintiff relates that, on or about March 10, 2003, in response to her persistent demands, DeSteph presented her with a promissory note singed by DeSteph on behalf of TDA Advantage Trust. The note provided that TDA Advantage Trust would pay plaintiff $100,000 plus her pro rata share of the trust's "profits" on or before January 10, 2008. The note also provided that plaintiff would receive $412.50 per month, less a $12.00 "service charge." See, Complaint Ex. C.

Plaintiff relates that she never received monthly payments from any of the defendants. According to plaintiff, when she complained, she was told the money was "reinvested" and that she would received all of the money due her on or before January 10, 2008.

2

Plaintiff has alleged under oath that she was never paid anything on the "promissory note" and that she never received any portion of her principal, interest or profits from any of the defendants. Plaintiff relates that she made many efforts to contact DeSteph by email and phone after January, 2008. According to plaintiff, in July, 2008, after avoiding plaintiff, DeSteph finally told her that he "knew this day would come" and he "dreaded it." According to plaintiff, DeSteph claimed that he had no money and could not repay her. He threatened to file for bankruptcy if she retained counsel.

Plaintiff relates that, despite due diligence on her part, she is aware of only limited assets in defendants' name. Apparently, DeSteph owns a residential condominium that is subject to a first mortgage. It appears likely that DeSteph has less than $50,000 of equity in this condominium and, perhaps substantially less. Plaintiff does not know where DeSteph maintains his bank accounts, although she believes that he may use Ocean Bank, the successor to Granite Bank.

Plaintiff is concerned that if DeSteph learns of this case he may transfer or encumber any assets that have not previously been attached. DeSteph is a financial planner who has apparent fluency with all manner of financial instruments. He thus has the apparent skill and ability to transfer or encumber financial assets in a short period of time. Additionally, if the conduct alleged in the Complaint is true, DeSteph is willing to engage in premeditated deception for the purpose of retaining plaintiff's funds. Therefore, the plaintiff has established that she will suffer irreparable and immediate injury or loss unless relief is granted on an *ex parte* basis, without notice to defendants. See, Fed.R.Civ.P.65(b)

Based on all of the foregoing, plaintiff has established that she will be irreparably harmed unless (a) Defendants are ordered to identify their assets so they can be attached and (b)

3

Defendants are enjoined from transferring or encumbering their assets in the meantime. Plaintiff has shown that no other adequate remedy to protect her interests, and she has demonstrated a likelihood of success on the merits.

THEREFORE, is shall be ORDERED that:

A. Defendants **Thomas F. DeSteph, The DeSteph Agency,** and **TDA Advantage Trust,** and their officers, agents, servants, employees, attorneys are enjoined and prohibited from selling, transferring, pledging as collateral, hypothecating, or otherwise granting any legal or equitable interest or security interest in:

(i) Any of their vehicles, boats or other items of real or personal property with a value greater than $500;

(ii) Any of their bank accounts, certificates of deposit, insurance policies, annuities, brokerage accounts, stocks, mutual funds, exchange trade funds and other financial instruments and securities; and

(iii) Any partial (or complete) interest in any similar property.

B. Notwithstanding the above, defendant Thomas F. DeSteph may continue to use his financial assets for the sole purposes of (i) keeping his present first mortgage current; and (ii) paying for other ordinary expenses.

C. Within seven calendar days of service of the Summons and Complaint in this matter, defendants shall provide plaintiff's attorney with the following information:

(i) The identity, value and location of all bank accounts, certificates of deposits, insurance policies, annuities, brokerage accounts, stocks, mutual funds, exchange traded funds and other financial instruments and securities in which any of the defendants has a legal or beneficial interest;

(ii) Copies of the most recent statements for all such accounts.

(iii) The identity and location of all real estate owned, directly or indirectly, by any of the defendants along;

(iv) The identity of trusts, wills or other instruments in which any of the defendant's are presently named as beneficiaries or trustees, regardless of whether their rights are presently vested or enforceable.

D. This Order shall expire, pursuant to Fed.R.Civ.P. 65(b)(2), ten days after entry. However, the Court may extend this Order, upon application of plaintiff after notice has been given to the defendants.

E. A hearing on whether to allow this Order to ripen into a preliminary injunction shall be scheduled pursuant to Fed.R.Civ.P. 65(b)(3).

Date: *April 27, 2009*       _____James R. Muirhead_____
                             Presiding Justice